

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

98 DEC -2 PM 3: 07

U.S. DISTRICT COURT
N.D. OF ALABAMA

KEVIN TINGLE, et al.,

    Plaintiffs,,

vs.                              CASE NO. CV-97-J-1415-NW

SOUTHERN IOWA MANUFACTURING
COMPANY, et al.,

    Defendants.

DEC 2 1998

## MEMORANDUM OPINION

Currently pending before the court are the defendant Central Mine Equipment's (CME) motion for summary judgment (doc. 33), filed July 30, 1998 and the defendant Southern Iowa Manufacturing Company's (SIMPCO), motion for summary judgment (doc. 35), filed July 31, 1993; to which the plaintiffs and defendants have filed voluminous materials in support of their respective positions. Also pending before the court are plaintiffs' motion to strike portion of affidavit of Douglas J. Klingberg (doc. 39), plaintiffs' motion to strike affidavit of Richard Gotsch, filed in support of motion for summary judgment of defendant, Central Mine Equipment (doc. 41), plaintiffs' amended motion to strike affidavit of Richard Gotsch filed in support of motion for summary judgment of defendant, Central Mine Equipment (doc. 42) and plaintiffs' motion to strike second affidavit of Douglas Klingberg and affidavit of Albert Karvelis (doc. 43).

The Court has read all of the motions for summary judgment, the responses thereto and all replies which were filed as well as all of the evidence and depositions filed in

46

support of said motions. On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment can be entered on a claim only upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shift to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).

In a nutshell, this case is brought under the Alabama Extended Manufacturers Liability Doctrine (AEMLD) based on injuries the plaintiff sustained when he became snagged on an L- pin protruding from a drill auger and dragged into the rotating auger. Plaintiff argues that the design of the drill was unreasonably safe and that the manufacturer, CME, knew that users were replacing the bolt connectors with other protruding connectors and therefore knew or should have known that the type of injury suffered by plaintiff was likely to happen. Defendant CME argues that it is not liable since the L-pin connector here was not part of the original drill string. The court finds that the foreseeability of the substitution of connectors is an issue of material fact,

especially in light of the evidence of other lawsuits regarding this type of injury produced by plaintiff. See *Sears, Roebuck and Co., v. Harris*, 630 So.2d 1018, 1027 (Ala.1993) ("A manufacturer remains liable if the alteration or modification did not in fact cause the injury, or if the alteration or modification was reasonably foreseeable to the manufacturer or seller"(citations omitted)); also see plaintiffs' brief in support of reply to motion for summary judgment of defendant Central Mine Equipment, (Aug. 18, 1998) at note 2.

Additionally, the defendant argues that plaintiffs' have not met their burden of proving a safer, practical alternative design exists, as required by *Yarborough v. Sears, Roebuck and Company*, 628 So.2d 478, 482 (Ala. 1993). Plaintiffs' expert, through affidavit and deposition, has stated a safer, practical design is available. If plaintiffs fail to meet their burden of proof on this issue at trial, the court will revisit this issue at trial.

The defendant SIMPCO, in its motion for summary judgment, states that the "wobble switch" was not commercially available to the this defendant in September, 1989, which was when the unit in question here was manufactured. Plaintiffs' expert has stated by affidavit that safety controls were available at the time of manufacture.

The plaintiff also advanced a "failure to warn" claim, to which defendant CME states that warning would not have prevented this accident. The court finds that this claim is actually part of the plaintiffs' AEMLD claim, as the court understands plaintiffs' argument to be that with defendant CME's knowledge that protruding connectors were being used, a warning of the danger of getting snagged on the same and dragged into the auger would have either put the user on notice not to use protruding connecters, thus

3

preventing this type of injury, or made plaintiff cognizant of the danger of the protruding connector. As in *Pitts v. Dow Chemical Co.*, 859 F.Supp. 543, 551 (M.D.Ala.1994), the court here is of the opinion that the plaintiff cannot succeed on his AEMLD claim without the jury having to decide whether the warnings defendant argues were provided were adequate. This court finds that the adequacy of the warnings is a factual question not appropriate for summary judgment.

Having considered the above arguments advanced by the parties, the court finds that this case is replete with factual disputes which preclude the granting of summary judgment. The court therefore **ORDERS** that the motions for summary judgment be and hereby are **DENIED**.

It is further **FOUND** by the court that plaintiffs motions to strike affidavits filed by defendants in support of their motions for summary judgment are **MOOT**.

It is further **ORDERED** by the court that this case shall remain **SET** for jury trial on the 25th day of January, 1999 at 9:00 a.m., in Florence, Alabama.

**DONE** and **ORDERED** this the _____ day of December, 1998.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE